IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ROMANYK CONSULTING CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. AW-12-2907 |
| | ) |
| EBA ERNEST BLAND ASSOCIATES, P.C., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

Before this Court are Defendant EBA Ernest Bland Associates, PC's Motion To Compel Discovery Responses From Romanyk Consulting Corporation ("Defendant's Motion to Compel") (ECF No. 46) and Plaintiff Romanyk Consulting Corp's Motion To Strike EBA Ernest Bland Associates, P.C.'s Reply In Support Of Its Motion To Compel And Incorporated Memorandum Of Points And Authorities ("Motion to Strike") (ECF No. 54). The Court has reviewed the motions, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS Defendant's Motion to Compel and DENIES Plaintiff's Motion to Strike.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this action for breach of contract alleging that Defendant did not pay it money due under the termination clause of their contract, known herein as the Master Task Order Agreement ("MTOA"). Compl. ¶ 1 (ECF No. 5). Defendant is a prime contractor to the United States Department of Veterans Affairs ("the VA") providing architectural and master planning

1

services. Def.'s Br. 1-2 (ECF No. 46-1). On September 30, 2011, Plaintiff and Defendant entered into the MTOA in which Plaintiff agreed to provide architectural and data services for the VA contract as a subcontractor. *Id.*; Answer Ex. 1 (ECF No. 13). The MTOA incorporated Plaintiff's prior itemized proposal of the specific tasks it would perform and the time and expense it expected to incur. Def.'s Br. 2; Answer Ex. 5 ¶ 14. The termination clause of the MTOA provided that if Plaintiff's performance were to be suspended, cancelled, or terminated, Defendant would compensate it for all work completed or partially completed "on the basis of the fee schedule." Answer Ex. 5 ¶ 11. On February 17, 2012, Defendant terminated Plaintiff's performance because it allegedly performed substandard, incomplete, or unprofessional work. Def.'s Br. 2-3. Defendant tendered a final payment for the work that Plaintiff performed prior to the termination, but that payment was rejected by Plaintiff. Def.'s Br. 3; Pl.'s Opp. Br. 4 (ECF No. 51-2). Plaintiff does not allege in its Complaint that the termination was improper, but rather that Defendant failed to compensate it for the full amount owed under the termination clause of the MTOA. Compl. ¶ 4. Defendant has brought counterclaims for breach of contract, tortious interference with contract, and the use of recordings illegal under Maryland law. Answer 11-16.

> During discovery, Defendant propounded the following as "Interrogatory No. 2":
>
> Describe the actual amount of time and money YOU expended on the VISN 1 PROJECT for EBA, including but not limited to, IDENTIFYING the following:
> a) the total number of PERSONS that actually worked on the project;
> b) the total amount of labor hours YOU actually expended on the project;
> c) the total amount of travel expenses YOU actually incurred on the project; and
> d) the total amount of man hours YOU actually expended on travel for the project (including but not limited to time spent traveling to, from, or attending meetings).

Def.'s Mot. Ex. A (ECF No. 46-3). Plaintiff responded and objected to parts b), c), and d) of Interrogatory No. 2 as irrelevant, overly broad, and unduly burdensome, asking for information

2

already within Defendant's control, and multiplying the number of interrogatories so as to exceed the permissible amount. Def.'s Mot. Ex. B (ECF No. 46-4). On February 1, 2013, Defendant's counsel sent a letter to Plaintiff's counsel noting its disagreement with the bases for Plaintiff's objections, and also addressing other discovery disputes which the parties have since resolved. Def.'s Mot. Ex. C (ECF No. 46-5). Plaintiff responded in a letter on February 21, 2013. Def.'s Mot. Ex. D (ECF No. 46-6). Defendant replied by letter on March 11, 2013, requesting a telephonic meet and confer. Def.'s Mot. Ex. E (ECF No. 46-7). On March 20, 2013, the parties held the telephonic conference and resolved several outstanding discovery issues. Def.'s Mot. Ex. F (ECF No. 46-8). On March 28, 2013, Plaintiff served amended responses to Defendant's interrogatories but lodged the same objection to Interrogatory No. 2 as previously. Def.'s Mot. Ex. H (ECF No. 46-10). On April 1, 2013, Defendant sent Plaintiff an additional email seeking responses to Interrogatory No. 2. Def.'s Mot. Ex. I (ECF No. 46-11). Plaintiff responded that it would rest on its objections as previously stated. Def.'s Mot. Ex. J (ECF No. 46-12). Defendant moves for the Court to compel Plaintiff to provide responses to Interrogatory No. 2.

## DISCUSSION

### I. **Plaintiff's Motion To Strike For Noncompliance With Local Role 104.8 Is Denied In The Interest of Judicial Efficiency.**

Plaintiff asks the Court to strike Defendant's Motion to Compel because it failed to follow the procedure of Local Rule 104.8 (D. Md.). Rule 104.8 sets the procedures for litigating

a motion to compel answers to interrogatories.[1] *Id*. The Rule requires that the party seeking to compel responses first serve its motion to compel on the opposing party without filing it with the court. Rule 104.8(a). The opposing party is to serve (but not file) its response within fourteen (14) days, and the moving party shall then serve (but not file) its reply within fourteen (14) days. *Id*. After all of the papers have been served, the parties must hold the conference of counsel required for all discovery disputes. Rule 104.8(b). Only after these steps have been completed may the moving party file the motion papers with the court, by appending them to the Rule 104.7 certificate. Rule 104.8(c).

Local Rule 104.8 does not specify the sanction for failure to comply with its requirement of serving all of the motion papers before filing them. This places it in contrast with Local Rule 104.7, which states that the "Court will not consider any discovery motion" in violation of it. Where the Local Rules do not specify the consequence for a violation, the sanction is left to the discretion of the Court. *See H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D. Md. 2000) (applying Local Rule 105.2 regarding the time allotted to respond to motions). Further, the Court may suspend any provision of the Local Rules for good cause shown. Local Rule 604 (D. Md.). This Court has occasionally waived the filing requirements of Rule 104.8 in the interest of judicial efficiency. *See, e.g.*, *United States v. Rachel*, 289 F. Supp. 2d 688, 693 n.2 (D. Md. 2003); *Coogan v. Cornet Transp. Co., Inc.*, 199 F.R.D. 166, 166-67 (D. Md. 2001). In doing so, the Court looks to whether the moving party made efforts to comply with the spirit of the Rule, which encourages parties to resolve discovery disputes without court intervention.

---

[1] The procedure set forth in Rule 104.8 does not apply when the party from whom discovery is sought fails to serve any response at all to a request for interrogatories. Defendant briefly argues that Plaintiff should be treated here as failing to have responded at all. Def's Reply Br. 2 (ECF No. 51). However, Plaintiff did not fail to serve a response to the interrogatories, but rather made objections which Defendant argues were improper. Therefore, Rule 104.8 applies.

*See Oce N. Am., Inc. v. MCS Servs., Inc.*, No. CIV.A. WMN-10-0984, 2011 WL 197976, at *3 (D. Md. Jan. 20, 2011) (finding that the moving party substantially performed its obligations by exchanging email objections and oppositions and that requiring additional filing would only cause delay).

Here, Defendant failed to comply with Rule 104.8 because it filed the Motion to Compel without first serving it on Plaintiff. Plaintiff complied with Rule 104.8 by serving but not filing its response in opposition. Defendant then filed its reply brief with the court, although apparently only after first serving it on Plaintiff and requesting an additional meet and confer on the issue. Def.'s Second Supplemental Att'y Certification (ECF No. 53). Defendant filed a certification pursuant to Local Rule 104.7 describing the parties' ongoing efforts to resolve the discovery dispute after the Motion to Compel was filed. *Id.* An additional telephonic meet and confer was held on May 13, 2013. *Id.* Defendant attached Plaintiff's opposition brief to its reply brief, so all of the motion papers are now before the Court. Def.'s Reply Br. Ex. A (ECF No. 51-2). The Court finds that Defendant substantially complied with the spirit of the Local Rules. The record reflects Defendant's extensive efforts to resolve the discovery dispute informally through letters, email, and telephonic meet and confers. *See* Def.'s Mot. Exs. B-I. The parties have been in communication regarding this issue for over four months, and their positions are sufficiently entrenched that the Court doubts further informal attempts to resolve it would be fruitful. *See Oce N. Am., Inc.*, 2011 WL 197976, at *3. Therefore, without excusing Defendant's failure to follow the proper procedures, the Court will consider the merits of Defendant's Motion to Compel so as to promote judicial efficiency and speed the resolution of the discovery dispute.

## II. Information Requested By Defendant In Interrogatory No. 2 Subsections b), c), And d) Is Relevant To The Parties' Claims and Defenses.

Plaintiff argues that Defendant's Interrogatory No. 2 requesting the number of labor and travel hours and the amount of travel expenses Plaintiff incurred on the project is not relevant and thus is not discoverable pursuant to Federal Rule of Civil Procedure 26(b). Pl.'s Opp. Br. 3. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The scope of relevancy under the discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case. *E.E.O.C. v. Freeman*, 288 F.R.D. 92, 100 (D. Md. 2012); *Carr v. Double T Diner*, 272 F.R.D 431, 433 (D. Md. 2010).

The key disputes in this case are what Plaintiff actually completed in accordance with the contract and the compensation Plaintiff is entitled to receive for its completed tasks. Plaintiff argues that the contract in dispute is a fixed-price contract, not a time-and-material contract, and thus compensation should only be calculated based on the percentage of work completed, not based on the labor hours spent on the projects. Pl.'s Opp. Br. 4.

Nevertheless, the information requested is discoverable because: (A) the information is relevant to both parties' claims and defenses, and (B) even if it does not directly relate to the claims and defenses, this information is still discoverable because it is reasonably calculated to lead to the discovery of admissible evidence.

### A. The Information Requested Is Relevant To Both Parties' Claims And Defenses Given The Termination Clause Of The Contract In Dispute.

The contract in dispute is the MTOA. Under Maryland law, "[a] contract must be construed as a whole, and effect given to every clause and phrase, so as not to omit an important part of the agreement." *Ragin v. Porter Hayden Co.*, 754 A.2d 503, 514 (Md. Ct. Spec. App. 2000) (quoting *Baltimore Gas & Elec. Co. v. Commercial Union Ins. Co.*, 688 A.2d 496 (Md. Ct. Spec. App. 1997)). In other words, every contract is governed by its terms and the MTOA is not an exception. The termination clause of the MTOA states: "[i]n the event that all or any portion of the work performed or partially performed by consultant is suspended, cancelled, terminated, or abandoned, the Consultant is to be paid for all work completed or partially completed through the date of termination, on the basis of the *fee schedule*." Def.'s Br. 7. Since Plaintiff was terminated prior to completing the project, the termination clause applies and compensation is calculated based on the fee schedule. According to Defendant's briefs, the fee schedule incorporates the estimates of time and expenses as given by Plaintiff's subcontractor proposal. *Id.* at 7-8; Def.'s Reply Br. 4-5 (ECF No. 51). Plaintiff does not dispute this claim. The information regarding actual labor, travel hours, and travel expenses is relevant to the claims and defenses because Defendant can compare it to the fee schedule in calculating compensation. Therefore, the information sought by Interrogatory No. 2 is discoverable.

### B. Even If The Requested Information Does Not Relate Directly To The Claims And Defenses, It Is Still Discoverable Because It Is Reasonably Calculated To Lead To The Discovery Of Admissible Evidence.

Defendant alleges that Plaintiff charged for services not performed or overcharged for services partially performed. Def.'s Br. 6. According to Defendant, the MTOA involved a variety of tasks, which Plaintiff does not refute. Some of the tasks required deliverable work products while others involved non-deliverable time and work "such as participation, attendance,

and interaction with the client as well as assistance and support in various phases of the project." Def.'s Reply Br. 5. Different types of tasks may require different methods to determine the percentage of completion. The actual labor and travel hours and travel expenses are relevant to determining the completion of the tasks that involved non-deliverable time and work. *Id*. Pursuant to Federal Rule of Civil Procedure 26(b), information is relevant and discoverable as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The requested discovery here may lead to admissible evidence supporting Defendant's counterclaim by comparing the work billed by Plaintiff, the work actually completed, and Plaintiff's estimates of the time and expenses required to complete the tasks identified in its proposal. Therefore, Interrogatory No. 2 is reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, Defendant also alleges that Plaintiff's performance did not satisfy the requirements of the MTOA's warranty at paragraph 15 that Plaintiff would carry out the project in compliance with the "generally accepted principles and practices in performing such professional services." Def.'s Reply Br. 5. Regarding this counterclaim, Plaintiff's actual labor and travel hours information is discoverable because it is reasonably calculated to discover admissible evidence related to whether Plaintiff spent sufficient time and effort to satisfy the professional standards as stated in the MTOA.

### III. **Plaintiff Failed To Properly Raise An Undue Burden Objection Due To The Lack Of Explanation And Concrete Evidence.**

Plaintiff argues that Interrogatory No. 2 is unduly burdensome pursuant to Federal Rule of Civil Procedure 26(b)(2). Rule 26(b)(2)(C) provides that when the requested discovery is otherwise allowed, the court must limit the discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less

8

burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Courts must decide by balancing the importance of the discovery sought to the moving party and the cost and burden to the producing party. *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37 (D. Md. 2000).

In addition, Federal Rule 26(b) and Discovery Guideline 10(e) of the Local Rules Appendix A (D. Md.) impose "an affirmative duty on the objecting party to particularize facts, not conclusory statements" as the basis for raising an undue burden objection. *U.S. E.E.O.C. v. McCormick & Schmick's Seafood Rests.*, No. DKC-11-2695, 2012 WL 2577795, at *2 (D. Md. July 2, 2012) (quoting *Marens*, 196 F.R.D. at 38). In other words, the party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence; conclusory assertions of burden and expense are not enough. *Id.* at *3 (ordering the plaintiff to provide contact information of all managers or directors of its company, including former employees).

Here, Plaintiff claims that it would be unduly burdensome to produce the number of hours it actually spent on the project. Pl.'s Opp. Br. 5. Plaintiff indicates that it had only four (4) employees involved in the project but argues that it would be excessively burdensome to reconstruct the hours. Def.'s Mot. Ex. H. This argument is without merit. Plaintiff does not explain how the cost and burden outweigh the importance of the requested relevant information. Plaintiff merely states that one of Plaintiff's employees involved with the project is no longer with the company and thus makes it unduly burdensome to reconstruct the time records. Pl.'s Opp. Br. 5. Plaintiff neither explains nor provides concrete evidence showing why information is unduly burdensome to produce. Therefore, Plaintiff fails to meet the standards for an undue burden objection.

Plaintiff further contends that this discovery is unduly burdensome because Defendant should already have the invoices with information on Plaintiff's travel expenses. *Id.* However, to support this assertion, Plaintiff only provides emails exchanged between it and Defendant's employees regarding which documents were needed for the reimbursement. Pl.'s Opp. Br. Ex. 1 (ECF No. 51-2). On the other hand, Defendant attaches to its Motion to Compel invoices sent by Plaintiff that contain the amount Plaintiff demanded to be paid, but do not provide information from which Defendant can determine the labor Plaintiff performed, and expenses it incurred. Def.'s Mot. Ex. K (ECF No. 46-13).

Even if Defendant does have Plaintiff's invoices and receipts showing travel expenses, Plaintiff is still required to provide the information. *See Clean Earth of Md., Inc. v. Total Safety, Inc.,* No. 2:10–cv–119, 2011 WL 4832381 (N.D.W. Va. Oct. 12, 2011) ("The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories ... [and the] fact that the information sought is equally available to the interrogator ... does not render the interrogatories objectionable."); *see also* 8 Charles Alan Wright et. al., *Federal Practice and Procedure* §2014 (3d ed. 1998) (stating that party seeking discovery can ask for matters already within its knowledge "since the purpose of the discovery rules is not only to elicit unknown facts, but also to narrow and define the issues, and for this purpose it is often necessary to use discovery about known facts"). Therefore, Plaintiff's arguments that Interrogatory No. 2 is unduly burdensome and that it does not have to provide information already known to Defendant are without merit.

**IV. <u>Interrogatory No. 2 Does Not Exceed The Limit On The Number of Interrogatories As Provided In Federal Rule Of Civil Procedure 33(a)(1).</u>**

Plaintiff objects that Interrogatory No. 2's subparts exceed the limitation on the number of interrogatories allowed by Federal Rule of Civil Procedure 33(a)(1). Def.'s Mot. Ex. H. Rule

33(a)(1) provides that: "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33. However, "[a]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question for purposes of limits on interrogatories." *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 572-73 (D. Md. 2010) (quoting 8A Charles Alan Wright et. al., *Federal Practice and Procedure* §2168 (2d ed. 1994)). More importantly, "[b]y answering some interrogatories and not answering others, defendants waived their objection that plaintiff had exceeded the number allowed in the rule." *Allahverdi v. Regent of University of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005).

Here, questions regarding the number of labor and travel hours and expenses Plaintiff incurred on the project all concern the common theme of how much work Plaintiff actually completed to be entitled to compensation. All four subparts can be counted as one interrogatory. Furthermore, Plaintiff has effectively waived its right to this objection by answering other questions while raising this objection. Therefore, Plaintiff's objection to the number of subparts contained in Interrogatory No. 2 is without merit.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Compel and DENIES Plaintiff's Motion to Strike.


June 25, 2013                                                    /s/
                                                           Charles B. Day
                                                           United States Magistrate Judge
CBD/ISA/VM